IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WALKER**, as guardian ad litem for K.B., a minor,<br><br>        Plaintiff,<br><br>        v.<br><br>**PORTLAND PUBLIC SCHOOL DISTRICT NO. 1J**, an Oregon public school, **FIRST STUDENT, INC.**, an Ohio corporation, **SUSAN KOSMALA**, **MICHAEL LAFRAMBOISE**, and **JOHN GRAPPONE**,<br><br>        Defendants. | Case No. 3:21-cv-01349-IM<br><br>**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO DEEM SERVICE SUFFICIENT** |

Kimberly Hope Sherman, Education, Environmental, & Estate Law Group LLC, P.O. Box 728, Eugene, OR 97440. Attorney for Plaintiff.

J. Michael Porter and Souvanny Miller, Miller Nash LLP, 111 SW Fifth Avenue, Suite 3400, Portland, OR 97204. Attorneys for Defendants Portland Public School District No. 1J, Susan Kosmala, and Michael LaFramboise.

Robert E. Barton, Bullivant Houser Baily PC, 1 SW Columbia Street, Suite 800, Portland, OR 97204. Attorney for Defendant First Student, Inc.

**IMMERGUT, District Judge.**

PAGE 1 – OPINION AND ORDER

This case arises out of alleged mistreatment Plaintiff suffered at the hands of John Grappone ("Grappone") while riding a school bus. During the relevant time, Plaintiff was a second-grade student who rode a bus to and from school that was operated by First Student, Inc. ("First Student") through a contract with Portland Public School District No. 1J ("PPS") and was driven by Grappone, a First Student employee. Plaintiff brings a variety of federal and state law claims against Defendants PPS, First Student, and Grappone related to Grappone's treatment of Plaintiff. This matter comes before this Court for consideration of whether Plaintiff's attempts to serve Grappone in this matter were sufficient. For the following reasons, this Court GRANTS Plaintiff's motion, ECF 20, for an order deeming service sufficient.[1]

## BACKGROUND

On September 16, 2021, counsel Robert Barton informed Plaintiff's counsel that he represents Grappone. ECF 20-1 at ¶ 6. However, Barton indicated that he was not authorized to accept service on Grappone's behalf. *Id*. On October 13, 2021, Barton again confirmed that he represents Grappone. *Id.* at ¶ 7. On October 19, 2021, Barton informed Plaintiff's counsel that Barton "will not appear on [Grappone's] behalf . . . until [Grappone] is served." ECF 26-1 at 3. On October 22, 2021, Plaintiff's counsel mailed, certified with return receipt requested, the summons and original complaint, along with a Notice of Lawsuit and Request to Waive Service, to Grappone. ECF 20-1 at ¶ 8. The delivery receipt was returned, signed on October 25, 2021 by an "Agent." *Id*.; *see also id*. at Ex. 1. Also on October 22, 2021, Plaintiff's counsel mailed these documents to Barton, and the delivery receipt was returned, signed on October 25, 2021. *Id*. at ¶ 9; *see also id*. at Ex. 2. On October 25, 2021, due to "confusion in [Plaintiff's counsel's] office

---

[1] Plaintiff's motion was not separately filed and can be found in Plaintiff's Affidavit of Service upon John Grappone. ECF 20. This Court advises counsel to ensure all future motions are separately filed in this action and comply with L.R. 7.

PAGE 2 – OPINION AND ORDER

as to whether all the correct documents were included in the mailing," Plaintiff's counsel again mailed the documents, certified with return receipt requested, to Grappone. *Id*. at ¶ 10. This time, no delivery receipt was received. *Id*.; *see also id*. at Ex. 3. That same day, Plaintiff's counsel also emailed these documents to Barton. *Id*. at ¶ 11. On October 26, 2021, Barton responded, indicating again that he represents Grappone, stating that "any direct communications with [Grappone], whether written, electronic, or oral, are improper," and demanding that Plaintiff cease any efforts to "contact [Grappone] or communicate with him." ECF 26-1 at 3. In particular, Barton objected to Grappone having been sent a request to waive service. *Id.* at 1. On November 10, 2021, Byars "served [the] summons and original complaint by substitute service" at Barton's law office and "provided service by mail." *Id*. at ¶ 13; *see also id.* at Ex. 5.

On November 7, 9, and 11, 2021, Plaintiff's process servicer Shannon Byars attempted to serve Grappone at his home but was unsuccessful. ECF 20-1 at ¶ 12; *see also id.* at Ex. 4. Each time, Byars followed another tenant into Grappone's secure building and knocked on Grappone's door, but there was no answer. *Id.* at Ex. 4. On November 11, 2021, Byars called Grappone using the building intercom and explained who she was and why she was there. *Id.* at Ex. 6. Grappone repeatedly told Byars that did not know her and then hung up. *Id.* Byars called Grappone again, but he did not answer; she left a voicemail again explaining who she was and why she was there. *Id.* She then called Grappone a third time; this time, Grappone "picked up and hung up." *Id.* On November 12, 2021, Byars again attempted to serve Grappone at home. *Id.* at ¶ 14; *see also id.* at Ex. 6. Although Grappone was at home, he refused Byars entry to the building; Byars then "gained access to [Grappone's] building" and knocked on Grappone's door, but Grappone did not answer. *Id.* at ¶ 14; *see also id.* at Ex. at 6. Byars then "taped a true copy of the summons and first amended complaint to the door of Grappone's apartment, and took pictures." *Id*. at ¶ 14; *see*

PAGE 3 – OPINION AND ORDER

*also id.* at Ex. at 6. That same day, these documents were sent to Grappone's cell phone via text message attachment. *Id*. at ¶ 15; *see also id*. at Ex. 7.[2] Also on that same day, Plaintiff's counsel "provided by first class mail a notice detailing several alternative service attempts, and true copies of the summons and first amended complaint to Grappone at his home address." *Id*. at ¶ 16; *see also id*. at Ex. 8. Plaintiff now seeks "an order ruling that service attempts on Defendant John Grappone [were] sufficient." ECF 20 at 1; *see also* ECF 32. First Student—who is also represented by Barton—objects to Plaintiff's attempts to effectuate service on Grappone. *See* ECF 25; ECF 46.

## LEGAL STANDARDS

### 1. Federal Rule of Civil Procedure 4

Under Federal Rule of Civil Procedure 4, a plaintiff may complete service on an individual defendant by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). The Ninth Circuit has directed courts to construe Rule 4 liberally to uphold service, "[s]o long as a party receives sufficient notice of the complaint . . . ." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009). However, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4." *Id.* (citation omitted). Nonetheless, the Ninth Circuit has instructed that "[s]ufficient service may be found where there is a good faith effort to comply

---

[2] Plaintiff's counsel indicates that counsel is "aware that service by cell phone attachment is not a permitted method of service." ECF 20-1 at ¶ 16. However, Plaintiff's counsel "sought to build the record of all attempts to inform Mr. Grappone of the existence of this matter." *Id.*

with the requirements of Rule 4(e)(2) which has resulted in placement of the summons and complaint within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendant's knowing and intentional actions to evade service." *Id.* at 1136; *see also id.* ("[w]here a defendant attempts to avoid service *e.g.* by refusing to take the papers, it is sufficient if the server is in close proximity to the defendant, clearly communicates intent to serve court documents, and makes reasonable efforts to leave the papers with the defendant.") (citation omitted).

### 2. Oregon Rule of Civil Procedure 7

Rule 4 also provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The Oregon Rules of Civil Procedure allow for service by the following methods: "personal service of true copies of the summons and the complaint upon defendant or an agent of defendant authorized to receive process; substituted service by leaving true copies of the summons and the complaint at a person's dwelling house or usual place of abode; office service by leaving true copies of the summons and the complaint with a person who is apparently in charge of an office; service by mail; or service by publication." O.R.C.P. 7D(1). "Substituted service" on an individual's home requires that the summons and complaint be "served to any person 14 years of age or older residing in the [home]." O.R.C.P. 7D(2)(b). Service by mail must be made via "first class mail and by any of the following: certified, registered, or express mail with return receipt requested." O.R.C.P. 7D(2)(d)(i). Further, the defendant or other person authorized to receive service must sign a receipt for the certified, registered, or express mailing. O.R.C.P. 7D(3)(a)(i).

"When it appears that service is not possible under any method otherwise specified in these rules or other rule or statute," the Oregon Rules provide that "a motion supported by

PAGE 5 – OPINION AND ORDER

affidavit or declaration may be filed to request a discretionary court order to allow alternative service by any method or combination of methods that, under the circumstances, is most reasonably calculated to apprise the defendant of the existence and pendency of the action." O.R.C.P. 7D(6). If the court permits alternative service, "the plaintiff must mail true copies of the summons and the complaint to the defendant at [the defendant's current] address by first class mail and any of the following: certified, registered, or express mail, return receipt requested." *Id*.

## DISCUSSION

### A. Defendant First Student's Standing

At the outset, this Court must address whether First Student has standing to challenge the service on Grappone. "[A]s a general rule, federal courts only allow litigants to assert their own legal rights and interests, not the legal rights and interests of third parties." *Woods v. Cnty. of Los Angeles*, No. 2:20-CV-04474-AB (MAA), 2022 WL 980649, at *5 (C.D. Cal. Mar. 10, 2022), *report and recommendation adopted,* No. 2:20-CV-04474-AB (MAA), 2022 WL 971951 (C.D. Cal. Mar. 30, 2022) (internal quotation marks and citation omitted).

First Student argues, without citation, that while a defendant ordinarily lacks standing to assert untimely service on behalf of another defendant, First Student, as Grappone's employer, has the right to assert positions in this action related to Grappone because it is allegedly vicariously liable for Grappone's conduct. ECF 55 at 1. Plaintiff responds that First Student has provided no caselaw in support of this assertion, and Plaintiff has likewise found no support for First Student's position. ECF 56 at 5. Plaintiff also argues that at least with regard to the federal claims, there is no vicarious liability, and with regard to the claims arising under the Oregon Tort Claims Act, only First Student was named. *Id.* In the absence of any caselaw provided to this

Court in support of First Student's position, this Court finds that First Student does not have standing to challenge the service of Grappone.

## B. Sufficiency of Service

Although this Court has found that First Student may not challenge the sufficiency of service on Grappone's behalf, Plaintiff has asked this Court to determine whether service was sufficient. Therefore, this Court will next consider whether Plaintiff's attempts to serve Grappone were sufficient.

### 1. Federal Rule of Civil Procedure 4

This Court will first address whether service was sufficient under the Federal Rules. Plaintiff's attempts at serving Grappone do not comport with the three permissible methods of service found in Federal Rule of Civil Procedure 4(e)(2). Nonetheless, this Court finds service sufficient under the Ninth Circuit's holding in *Brenneke*: Plaintiff has made a good faith effort to comply with the requirements of Rule 4 which has resulted in the placement of the summons and complaint within Grappone's immediate proximity, and further compliance with Rule 4 was only prevented by Grappone's knowing and intentional actions to evade service. *Brenneke*, 551 F.3d at 1136. Plaintiff attempted multiple times to deliver a copy of the summons and of the complaint to Grappone personally as contemplated by Rule 4, *see* Fed. R. Civ. P. 4(e)(2), and after several attempts, Byars, Plaintiff's service processor, taped a copy of the summons and first amended complaint to the door of Grappone's apartment[3]—within Grappone's immediate

---

[3] This Court acknowledges that it is difficult to determine with certainty that Byars was speaking to Grappone on the intercom or that Byars taped the documents to the correct apartment door. However, all of the documents found in the declarations indicate that Grappone lives in Apartment #106. *See* ECF 20-1 at Ex. 1, Ex. 3, Ex. 4, Ex. 6. The photo provided by Byars shows that she taped the documents to the door of Apartment #106. *Id.* at Ex. 6. Moreover, the photo provided by Byars shows that she spoke with a person associated with the name "Grappone, J" on the building intercom system. This Court finds that the facts demonstrate that Byars was in

PAGE 7 – OPINION AND ORDER

proximity. Further, the record demonstrates that Grappone had actual knowledge of this action and was intentionally evading service: (1) Barton, Grappone's attorney, has repeatedly evidenced that he is aware of this action and represents Grappone with respect to this action, ECF 20-1 at ¶¶ 6–7, (2) Barton has been provided copies of the relevant documents by mail, via email, and through personal service, *id.* at ¶¶ 9, 11, 13; *see also id.* at Ex. 2, Ex. 5; (3) Grappone has been provided copies of the relevant documents three times by mail and once via text message, *id.* at ¶¶ 8, 10, 15, 16; *see also id.* at Ex. 1, Ex. 3, Ex. 7, Ex. 8, (4) Grappone twice refused entry to his building to Byars after Byars confirmed he was at home, *id.* at ¶ 14; *see also id.* at Ex. 6; and (5) Byars, after gaining entry to Grappone's building, taped the relevant documents to Grappone's door, *id.* at ¶ 14; *see also id.* at Ex. 6.

Based on the Ninth Circuit's command that Rule 4 be "liberally construed" to uphold service, *Brenneke*, 551 F.3d at 1135, this Court finds that Grappone has received sufficient notice of this action and Plaintiff substantially complied with Rule 4. Plaintiff has made a good faith effort to comply with Rule 4's service requirements and has only been prevented from fully complying because of Grappone's knowing and intentional efforts to evade service. Accordingly, this Court finds that Plaintiff's attempts at service were sufficient. Having found service sufficient under the Federal Rules, Court finds it unnecessary to determine whether service was also sufficient under the Oregon Rules.

---

close proximity to Grappone, clearly communicated an intent to serve Grappone, and made reasonable efforts to leave the documents with Grappone. *Brenneke*, 551 F.3d at 1136.

PAGE 8 – OPINION AND ORDER

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to deem service on Grappone sufficient, ECF 20, is GRANTED. Grappone has fourteen days from this issuance of this Opinion and Order to enter an appearance in this action.

**IT IS SO ORDERED**.

DATED this 15th day of March, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
